COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


IN RE:  JAMES B. FEINMAN

                                        MEMORANDUM OPINION[*]
        Record No. 1247-96-3                PER CURIAM
                                         NOVEMBER 12, 1996



              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James B. Feinman; Esther S. McGuinn, on
                brief), for appellant.



        James B. Feinman contends that the Workers' Compensation

Commission denied him due process by refusing to hear evidence

regarding his request for a reasonable attorney's fee for

representing Ernest Novello before the commission.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        "Code § 65.1-102 [(now Code § 65.2-714)] provides that fees

of attorneys shall be subject to the approval and award of the

Commission."  Hudock v. Industrial Comm'n, 1 Va. App. 474, 477,

340 S.E.2d 168, 171 (1986).  The deputy commissioner awarded

Feinman attorney's fees in the amount of $850.  Feinman did not

seek review of this award; thus, it became final.

        Employer sought review before the full commission on the

narrow issues of whether employer failed to offer Novello a panel

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of physicians and whether Dr. Haney was Novello's treating physician. Feinman filed a three-page written statement on review, which cited no legal authorities, but instead, recited witnesses' testimonies in support of Novello's position. The full commission affirmed the deputy commissioner's decision, but did not award Feinman any additional attorney's fees. Following the full commission's decision, Feinman moved for an award of attorney's fees in the amount of $3,970.60, which equalled to twenty percent of the accrued compensation due Novello. Novello did not concur with Feinman's motion.

The full commission considered Feinman's motion and awarded him $100 in additional attorney's fees. In so ruling, the commission held:

> Given the narrow issue presented on Review, the essentially uncontested factual situation, and the fact that no authority is cited in [Feinman's] limited Review Brief, it would appear that little, if any, research was required. However, in light of the time required to prepare the Brief, we will approve an additional fee of $100.00 for services rendered by [Feinman's] firm at the Review level.

Based upon this record, we find that the commission provided Feinman ample opportunity to present evidence concerning his attorney's fee request. Therefore, Feinman's due process argument is without merit. Moreover, although Feinman obtained a favorable result for Novello on review, the issue presented by employer was not complex, and the time and effort expended to oppose employer's review was not excessive. Accordingly, we find

2

that the commission did not abuse its discretion in fixing Feinman's additional attorney's fee at $100, effectively awarding him a total attorney's fee of $950.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>